No. 99-447

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 31N

IN RE THE CUSTODY OF

SAWYER THOMAS ARNESON-NELSON,

a minor child

DEBBIE M. PENGRA,

f/k/a DEBBIE M. ARNESON,

Petitioner and Respondent,

and

MARK EDWARD NELSON,

Respondent and Appellant

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mark E. Nelson, *Pro Se*, Canyon Creek, Montana

For Respondent:

Michael L. McPherson; McPherson & Hutchison, Great Falls, Montana

———————————————————————

Submitted on Briefs: January 13, 2000

Decided: February 7, 2000

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶1.Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2.Mark Edward Nelson (Mark), appearing *pro se*, appeals from the entry by the First Judicial District Court, Lewis and Clark County, of a Final Parenting Plan concerning Sawyer Thomas Arneson-Nelson (Sawyer), the minor son of himself and Debbie M. Arneson (Debbie). We affirm.

¶3.Mark presents the following issues:

¶4. Did the District Court abuse its discretion in issuing the Final Parenting Plan?

¶5. Did the District Court violate Mark's state or federal constitutional rights?

For the reasons discussed below, we do not resolve the issues presented on the merits.

¶6.Sawyer was born on August 3, 1994, and was 4½ years old at the time the District Court entered the Final Parenting Plan (Plan) at issue in this case. Mark and Debbie have been involved in continuous litigation since soon after his birth with, as the court put it, "a constant barrage of motions, requests for *ex parte* and contempt orders, affidavits, communications by the parties and attorneys to the Court, copies of communications

between the attorneys, and communications and requests to the Court by therapists, mediators and neutral observers."

¶7.The District Court found, in both an early custody order and in its findings of fact in conjunction with the Plan, that both Mark and Debbie are excellent parents and love Sawyer very much. Unfortunately, as the court determined, they have been "unable to co-parent Sawyer without exposing him to continuing mutual hostility." Indeed, "[t]he parties are simply unable to agree on anything that pertains to Sawyer and are unwilling or unable to communicate with each other in a constructive and civil manner for the benefit of Sawyer's well being." The court found that the best interests of the child were that the parents have as little contact with each other as possible and that he spend quality time with each parent. Accordingly, Debbie was designated Sawyer's primary residential custodian, and given the authority to make all decisions with regard to him. Mark was to have Sawyer with him for one week each month, specified holidays, and three consecutive weeks each summer. The court expressly provided for telephone conversations between Mark and Sawyer and frequent communication by mail was encouraged.

¶8.With regard to a motion by Mark to hold Debbie in contempt for frustrating his visitation during February of 1999, the District Court held Debbie in contempt. Debbie was ordered to pay the costs and attorney fees Mark incurred with respect to the hearing on his motion.

¶9.Mark appeals from the entry of the Plan.

## DISCUSSION

¶10.Only by close scrutiny of Mark's and Debbie's briefs were we able to ascertain the issues Mark is attempting to raise in this appeal. His brief does not comply with any of the briefing requirements contained in the Montana Rules of Appellate Procedure and, furthermore, it is interspersed with inappropriate attacks on the District Court.

¶11.Most importantly, Mark does not support his arguments with citations to authority as required by Rule 23(a)(4), M.R.App.P. While we make all possible accommodations for parties appearing *pro se* by relaxing requirements that do not go to the fundamental bases of such parties' appeals, a district court's decision is presumed correct and an appellant bears the burden of establishing error by that court. *Matter of M.J.W.*, 1998 MT 142, ¶ 18, 289 Mont. 232, ¶ 18, 961 P.2d 105, ¶ 18 (citations omitted). This Court's development of a

party's arguments and search for legal authority to support them would constitute improper advocacy for one party. By failing to advance any legal authority under which the District Court either abused its discretion in entering the Plan or violated his constitutional rights, Mark has failed to meet his burden.

¶12.Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART